

Richard M. Mayer*
Patrick C. Woodside, Jr.

John P. Newton*

**MAYER NEWTON**
Bankruptcy Specialists

November 3, 2014

Matthew Graves, Esquire
Law Offices of Shapiro & Kirsch
555 Perkins Road Extended, 2nd Floor
Memphis, TN 38117

Via Email Only

    RE:    Regina M. Driskill        Chapter 13 #: 11-34102
            Regions Bank                Account: 3006035640

Dear Matt:

    When we got the reinstatement figure, we sent it to our client to review and she has now questioned its accuracy because of the attached documentation on the mortgage payment history. I will highlight and list these in order for your benefit:

1. Effective August 1, 2012 the payment changed to $597.33 apparently due to lack of homeowners insurance for the property. Your client had been previously escrowing taxes only. From August through December, 2012 the payment would have been $597.33 but Ms. Driskill obtained insurance in January, 2013.

2. Enclosed is a copy of her binder of insurance beginning January, 2013.

3. The Notice of Payment Change in the case did not adjust the payment and stop charging insurance with the July, 2013 Notice of Payment Change effective August 1, 2013. Copy attached. The payment did not adjust until August, 2013 to $275.98. Therefore from January, 2013 through July, 2013 there is an overcharge and failure to account for a reduction in forced placed insurance on the escrow. We have no information regarding this credit and why it was not adjusted at the time.

4. When you filed your Motion for Relief in 2014, you recited the payment on the account was $597.33 which is not correct. The Notice of Payment Change your client filed in July, 2013 prior to the Motion showed it had adjusted downward beginning August 1, 2013 to $275.98. Even so, she did have insurance through the first seven months of 2013 prior to the adjustment down and that should have been reduced and her credit applied to the escrow.



PLAINTIFF'S EXHIBIT 15

Landmark Center South Tower, Suite S-570 • 1111 Northshore Drive, Knoxville, TN 37919 • 865.588.5111p • 865.588.6143f
Westgate Office Complex • 2600 W. Andrew Johnson Hwy. • Morristown, TN 37814 • 865.588.5111p • 865.588.6143f
Website: www.mayerandnewton.com • E-mail: richardmayer@richardmayer.com
*Certified as Consumer Bankruptcy Specialists by The Tennessee Commission
on Continuing Legal Education and Specialization.


5. Since the beginning of 2013 when it appears that she brought the account current through the attached correspondence from Regions Bank directly at the time, copy attached, as of the end of December, 2012 she was current through the month of December, 2012 except for $166.46. Therefore I have attached my arrearage calculation which would begin with the January, 2013 payment and, based on the payment change, the payment would be $275.98 from January of 2013 up to October, 2014 since the payment change did not come in this calendar year, the total amount would have been $6,071.56. My client has produced during this time frame receipts totaling $1,392.46 which would leave a balance due through October, 2014 of $4,679.10 rather than the amount your client calculated of $6,529.02.

6. The Agreed Order for relief with the reinstatement needs to be accurate since my client's assistance from a local agency wants an accurate number.

In order to double check the number, we need your client to provide an accurate accounting from December, 2012 to the present date since they have failed to provide a new Notice of Payment Change in July, 2014 so we can determine from the letter of December 20, 2012 forward the charges to the account as well as the payments and credits applied. As stated, my client has the resource to help her bring this current but we want to make sure that she is not being overcharged at this time.

Very truly yours,

John P. Newton

JPN/mks  
Enc.  
CC:    Client

Landmark Center South Tower, Suite S-570 • 1111 Northshore Drive, Knoxville, TN 37919 • 865.588.5111p • 865.588.6143f  
Westgate Office Complex • 2600 W. Andrew Johnson Hwy. • Morristown, TN 37814 • 865.588.5111p • 865.588.6143f  
Website: www.mayerandnewton.com • E-mail: richardmayer@richardmayer.com  
*Certified as Consumer Bankruptcy Specialists by The Tennessee Commission on Continuing Legal Education and Specialization.

**Maggie Smith**

| | |
|---|---|
| From: | Maggie Smith <msmith@mayerandnewton.com> |
| Sent: | Monday, November 03, 2014 2:27 PM |
| To: | 'mgraves2@logs.com' |
| Cc: | 'John Newton' |
| Subject: | Regions Bank & Regina Driskill Chapter 13: 11-34102 |
| Attachments: | LTR TO MATT GRAVES RE REINSTATEMENT FIGURE 11-03-14.pdf; REGIONS - [1] NOTICE OF PMT CHANGE 07-10-12.pdf; REGIONS - [2] INSURANCE BINDER PAID FOR BY CLT 01-15-13.pdf; REGIONS - [3] NOTICE OF PMT CHANGE 07-09-13.pdf; REGIONS - [4] LTR TO CLT 12-20-12 & PMTS MADE BY CLT 01-31-13.pdf; REGIONS - [5] LTR TO CLT - PMT CHANGE 06-13-13.pdf; REGIONS - [6] ANNUAL MORTGAGE STMT 02-03-14.pdf; REGIONS - [7] PROOF OF CLAIM 01-04-12.pdf; REGIONS - [8] LTR FR SHAPIRO - REINSTATEMENT TOTAL 10-23-14.pdf |

Mr. Graves:

I have attached a letter from John Newton regarding the reinstatement figures from Regions on this case. He has also included several documents which I will scan in separately.

Please let him know if you have questions.

Maggie

Maggie Smith
Administrative Paralegal
Law Office of Mayer & Newton
1111 Northshore Dr., Suite S-570
Knoxville, TN 37919
(865) 588-5111
msmith@mayerandnewton.com

CONFIDENTIALITY NOTICE: This email message and any accompanying data or files is confidential and may contain privileged information intended only for the named recipient(s). If you are not the intended recipient(s), you are hereby notified that the dissemination, distribution, and or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at the email address above, delete this email from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.