

Richard M. Mayer*  
John P. Newton*

Kevin S. Newton

August 17, 2015

Bonnie Culp, Esquire  
Shapiro & Ingle  
10130 Perimeter Parkway, Ste 400  
Charlotte, NC 28216

    RE:    Regina M. Driskill        Chapter 13 Case #: 11-34102

           Regions Bank DBA Regions Mortgage       Last 4: 5640

Dear Bonnie:

    Matthew Graves was handling this for your firm prior to your current Motion for Relief. A detailed list of documentation was sent to him at the time he filed the previous Motion for Relief tracking the post-petition accounting made available by Regions to our office and to our client in an attempt to try and reconcile the numbers. I have attached to this letter a copy of all those documents we previously sent to Matthew Graves.

    Please keep in mind that, at the time he filed the Motion for Relief, Ms. Driskill has an agency that is assisting her in bringing her mortgage current to reinstate the loan. The agency wants a clear breakdown of the balance due on the account which they can review in order to assist her and issue a check. In the attached November 3, 2014 letter, it was our calculation that up to and through October 2014 that her arrearage was $4,679.10 rather than the amount sent by Regions of $6,529.02. We have all the tracking documentation throughout this Chapter 13 case to document the changes on the account. In particular, there is an attempt to increase the payment in 2013 at a time when Ms. Driskill had insurance. That insurance was provided to Regions and to counsel during this process so that the escrow could be re-run and corrected.

    For your information, the last notice of mortgage payment change was filed on July 9, 2013. I have attached that as an additional document for your reference. My client agrees that the maintenance payment should be $275.98 but disagrees with the arrearage calculation since documentation was supplied to the bank and they confirmed receipt of payments in late 2012 and early 2013 so that we could reconcile the post-petition accounting.

    I will be glad to review this with you in detail but the attached documents clearly set out the information that can be used to reanalyze the past due balance.



PLAINTIFF'S EXHIBIT 16

Landmark Center South Tower, Suite S-570 • 1111 Northshore Drive, Knoxville, TN 37919 • 865.588.5111p • 865.588.6143f  
Westgate Office Complex • 2600 W. Andrew Johnson Hwy. • Morristown, TN 37814 • 865.588.5111p • 865.588.6143f  
Heritage Title Building • 500 Park Road • Sevierville, TN 37862 • 865.588.5111p • 865.588.6143f  
Website: www.mayerandnewton.com • E-mail: richardmayer@mayerandnewton.com  
Certified as Consumer Bankruptcy Specialist by The Tennessee Commission on Continuing Legal Education and Specialization



Richard M. Mayer*
John P. Newton*

Kevin S. Newton

    As stated, our client is ready to bring this current once a reinstatement figure can be determined which accurately includes all credits and the current maintenance payment up through August, 2015.

                              Very truly yours,

                              John P. Newton, Jr.

JPN/mks
Enc.
CC:    Client(s)

Landmark Center South Tower, Suite S-570 • 1111 Northshore Drive, Knoxville, TN 37919 • 865.588.5111p • 865.588.6143f
Westgate Office Complex • 2600 W. Andrew Johnson Hwy. • Morristown, TN 37814 • 865.588.5111p • 865.588.6143f
Heritage Title Building • 500 Park Road • Sevierville, TN 37862 • 865.588.5111p • 865.588.6143f
Website: www.mayerandnewton.com • E-mail: richardmayer@mayerandnewton.com
*Certified as Consumer Bankruptcy Specialist by the ABA and accredited by the Tennessee Commission on Continuing Legal Education and Specialization.